were returned to respondent, they would be in danger of becoming neglected children (*see,* Social Services Law § 384-b [6] [a]; *Matter of Jarred R.,* 236 AD2d 888, 889). In addition, petitioner presented evidence regarding the children's psychological, emotional and behavioral problems. Thus, we conclude that petitioner "met its burden of demonstrating by clear and convincing evidence that respondent, by reason of mental illness, is presently and for the foreseeable future unable to provide proper and adequate care for her children" (*Matter of Jarred R., supra,* at 889). (Appeal from Order of Chautauqua County Family Court, Claire, J.—Terminate Parental Rights.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.

In the Matter of ANTOINE C., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THERESA W., Appellant. (Appeal No. 2.) [720 NYS2d 429] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Anthony C.* (280 AD2d 1000 [decided herewith]). (Appeal from Order of Chautauqua County Family Court, Claire, J.—Terminate Parental Rights.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.

In the Matter of ANDRE C., an Infant. CHAUTAUQUA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THERESA W., Appellant. (Appeal No. 3.) [720 NYS2d 429] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Anthony C.* (280 AD2d 1000 [decided herewith]). (Appeal from Order of Chautauqua County Family Court, Claire, J.—Terminate Parental Rights.) Present—Wisner, J. P., Hurlbutt, Scudder, Kehoe and Burns, JJ.

HELEN KOLODZIEJCZYK, Respondent, v ABSCOPE ENVIRONMENTAL, INC., Also Known as ABSCOPE, et al., Appellants. [720 NYS2d 430] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action to recover for personal injuries sustained by her when her vehicle collided with a truck driven by defendant Robert G. Gray and owned by defendant Abscope Environmental, Inc. Defendants appeal from an order that denied, without prejudice to renew at trial, plaintiff's motion to amend the complaint to demand punitive damages based on allegedly reckless conduct by Gray; granted that part of "Defendants' Cross Motion for permission to concede liability upon the trial of this matter * * * to the extent that they may do so if they choose to"; and ordered that, "notwithstanding the denial of the Plaintiff's Motion to Amend